2020 IL App (2d) 191126-U
No. 2-19-1126
Order filed October 26, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE CITY OF HARVARD, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 19-OV-1025 |
| | ) | |
| IAN NEVITT, | ) | Honorable |
| | ) | Jennifer L. Johnson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hudson and Bridges concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in finding defendant guilty of an ordinance violation despite his wife's disability because evidence introduced at trial supported the trial court's finding that the City was not notified of the wife's disability as required under the Americans with Disabilities Act and the Fair Housing Amendments Act, which was a prerequisite to requiring the City to allow defendant to keep a dumpster at his residence as a reasonable accommodation. Affirmed.

¶ 2    Following a bench trial, defendant, Ian Nevitt, was found guilty of maintaining a nuisance in violation of Harvard Municipal Code § 11.13E (approved Mar. 29, 1996) in that he and his wife kept a two-yard dumpster on their residential property in violation of the local ordinance. Defendant appeals, arguing the trial court erred by failing to conclude the City of Harvard (City) violated the Americans with Disabilities Act (ADA) (42 U.S.C. § 12132 (2018)) and the Fair

Housing Amendments Act (FHAA) (42 U.S.C. § 3604(f)(2) (2018)) by enforcing the ordinance and refusing to allow defendant to keep the two-yard dumpster as a "reasonable accommodation" for his wife's disability. The City claims it was not required to permit defendant to keep the dumpster on his property because defendant never actually requested an accommodation. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     In June 2019, the City filed a complaint alleging defendant maintained a nuisance on his property by keeping a two-yard dumpster at his residence for several weeks. The parties proceeded to a bench trial in November 2019.

¶ 5     Many of the facts adduced at trial were undisputed. Defendant and his wife own a residence in Harvard, Illinois. Pursuant to a City ordinance, homeowners are prohibited from maintaining any dumpster exceeding one yard on their property. Defendant's wife suffers from lupus, rheumatoid arthritis, osteoarthritis, and degenerative eyesight. She and defendant testified that, due to her condition, she has difficulty pushing and pulling heavy objects, including standard-issue trash bins.

¶ 6     In December 2018, defendant and his wife spoke with City code enforcement officer Anne Nutley and requested a permit to maintain a two-yard dumpster on their residential property. Nutley refused their request, and neither defendant nor his wife formally submitted a written permit application.

¶ 7     In January 2019, Nutley discovered a two-yard dumpster on defendant's property and the City issued a written notice of violation to defendant. On May 7, 2019, Nutley again observed the offending dumpster on defendant's property and issued a "notice to abate nuisance" letter. Defendant failed to remove the dumpster. Between May 23, 2019, and July 11, 2019, the City

issued seven citations to defendant for violating the City's ordinance prohibiting two-yard dumpsters on residential property.

¶ 8    The primary dispute at trial involved what if anything defendant and his wife communicated to the City regarding defendant's wife's disability and the need for an accommodation. As a defense to the ordinance violation, defendant argued that the City was required to provide a "reasonable accommodation" for his wife's disability and was therefore precluded from enforcing the ordinance against him. Defendant testified that, when he and his wife first approached Nutley, they informed her of his wife's disabilities and requested permission to maintain a two-yard dumpster as a reasonable accommodation. He also testified that in September 2019, he and his wife notified the City of their request for an accommodation both orally and in writing and were refused; defendant, however, failed to produce documentary evidence of the written request at trial.

¶ 9    In contrast, Nutley testified that neither defendant nor his wife informed her about the wife's disability.  Nor did either of them request an accommodation regarding her disability. Instead, she testified that defendant's wife indicated only that she needed a dumpster for her business. Further, Defendant's wife admitted on cross-examination that she had asked Nutley whether she could obtain a permit to use a dumpster for a home business and that they continued to use the standard-issue trash bins even after obtaining the dumpster.

¶ 10    Following the trial, the court found defendant guilty of maintaining a public nuisance by keeping the dumpster on his property and ordered him to pay a fine of $1250 plus costs. In finding for the City, the trial court indicated that it resolved the factual dispute in the City's favor as to whether defendant had notified the City or Nutley of his wife's disability.  Defendant filed a timely appeal.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal defendant argues that the trial court erred in finding him guilty where it declined to find his wife suffered from a qualifying disability under the ADA because no "comprehensive medical testimony" was presented.  Given the testimony concerning her disabilities, defendant argues the City violated his wife's right to a reasonable accommodation under the ADA and the FHAA[1] by refusing to grant her a permit to use the dumpster and by subsequently issuing citations. The City counters that the trial court based its disability finding on the lack of evidence regarding the wife's purported disability and her actual physical limitations, and not the absence of medical testimony.  Furthermore, the City contends that the nature and extent of the wife's disabilities was irrelevant because neither the ADA nor the FHAA's accommodation requirements was a defense to the ordinance violations because defendant never actually requested an accommodation. We initially address the potentially dispositive question of whether the trial court erred when it found defendant and his wife failed to notify the City of the wife's disability and to request an accommodation.  We affirm without reaching the disability issues because we find defendant never requested an accommodation from the City, thus defeating his accommodation defense.

¶ 13    In a bench trial, a judge's factual findings based on the credibility of the witnesses will be reversed only if they are against the manifest weight of the evidence because the trial court is in a superior position to evaluate credibility. *Vician v. Vician*, 2016 IL App (2d) 160022, ¶ 27. "A judgment is against the manifest weight of the evidence only when the opposite conclusion is

_____

[1] Though defendant only specifically discusses the ADA in his argument, he cites to both the ADA and the FHAA, as well as to case law analyzing both statutes. In that the requirements and remedies for the two statutes are substantially the same, we analyze both here.

apparent or when the judgment is arbitrary, unreasonable, or not based on the evidence." *Id.* Thus, the trial court's findings regarding the credibility of the witnesses will be affirmed if the record contains evidence to support it. *Id.*

¶ 14     Title II of the ADA prohibits public entities from denying public services to, or otherwise discriminating against, persons with qualified disabilities on the basis of their disabilities. 42 U.S.C. § 12132 (2018). Although not specified in the text of the statute, Title II requires public agencies to make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7)(i) (2018); see also *Wisconsin Community Services, Inc. v. City of Milwaukee*, 465 F.3d 737, 751-52 (7th Cir. 2006). Similarly, the FHAA makes it "unlawful *** [t]o discriminate against any person *** in the provision of services or facilities in connection with [a] dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2) (2018). Discrimination is defined to include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(B). The reasonable accommodation requirements under both the ADA and the FHAA prohibit the enforcement of zoning ordinances in a way that deprives people with disabilities equal access to housing and require municipalities to grant variances as necessary. *Oconomowoc Residential Programs v. City of Milwaukee*, 300 F.3d 775, 783 (7th Cir. 2002); *Hovsons, Inc. v. Township of Brick*, 89 F.3d 1096, 1104 (3d Cir. 1996).

¶ 15     To prevail on a reasonable accommodation claim against a municipality under either the ADA or the FHAA on the basis of enforcement of a residential zoning ordinance, a party must show (1) she is a person with a disability under the ADA or FHAA, (2) she requested a reasonable accommodation for the disability, (3) the accommodation was necessary, and (4) the municipality

refused to make the accommodation. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1225 (11th Cir. 2016). The party asserting the refusal must show she *actually requested an accommodation* such that the municipality had " 'the ability to conduct a meaningful review of the requested accommodation to determine if such an accommodation is required by law.' " *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1219 (11th Cir. 2008) (quoting *Prindable v. Association of Apartment Owners of 2987 Kalakaua,* 304 F. Supp. 2d 1245, 1258 (D. Haw. 2003)).

¶ 16    The trial court heard testimony from defendant, defendant's wife, and Anne Nutley as to whether a request for accommodation was made. Defendant and his wife both testified that they had informed Nutley and the City that they desired to maintain a dumpster on their property as an accommodation for the wife's disability. Defendant further testified that he had communicated with the City in writing regarding his wife's disability but failed to produce any documentation of those communications. Neither defendant nor his wife testified that they submitted a formal request for a variance due to the wife's disability.

¶ 17    Conversely, Nutley testified that neither defendant nor his wife ever indicated to her that defendant's wife was disabled or that they were seeking permission to maintain a non-compliant dumpster as an accommodation for her disability. Weighing the witnesses' credibility, and considering the absence of supporting documentation for defendant's claim that he had informed the City of his wife's disability in writing, the trial court concluded that Nutley was more credible and found that defendant and his wife never informed the Nutley or the City of the wife's disability.

¶ 18    The trial court's credibility determination is neither arbitrary nor unreasonable. The court found Nutley to be a more believable witness after hearing the testimony of all the witnesses, crediting Nutley's testimony that the wife had told her that she needed the two-yard dumpster for extra garbage capacity for her home business, and discounting defendant's claim that he and his

wife told Nutley it was to accommodate the wife's disability. Indeed, this determination is further buttressed by the testimony that defendant continued to roll the standard-issue trash bins to the curb notwithstanding the additional two-yard dumpster, not to mention defendant's inability to produce a copy of the correspondence he claims to have sent to the City regarding his wife's disability. And because we cannot say that the trial court's finding in this regard was against the manifest weight of the evidence, defendant's "reasonable accommodation" defense fails because he did not show he actually requested an accommodation such that the City had the ability to conduct a meaningful review of the request.

¶ 19                                    III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 21    Affirmed.